UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamar Kennedy,<br><br>              Plaintiff,<br><br>       v.<br><br>Sheldon Hughes, Capt. Sumter,<br>Lt. Julius, Clarendon County Detention Center,<br>Mail Clerk,<br><br>              Defendants. | CA: 4:22-01867-JD-TER<br><br><br>ORDER |

This is a civil action filed by Jamar Kennedy ("Kennedy" or "Plaintiff") while detained at the Clarendon County Detention Center. On August 4, 2022, Plaintiff was ordered to file an Amended Complaint. (DE 14.) Plaintiff was warned that the failure to respond may subject his case to dismissal. (DE 14, p.4.)

The Order was mailed to the address provided by the Plaintiff, it has not been returned to the Court, and it is presumed that Plaintiff received the Order but has neglected to comply with the Order within the time permitted under the Order. The time for Plaintiff to respond to the August 4, 2022 Order has expired, and Plaintiff did not file a response.

"The Court has inherent power to manage its docket in the interests of justice." Luberda v. Purdue Frederick Corp., No. 4:13-CV-00897-RBH, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962).

1

2

Plaintiff has failed to respond to the Order within the time ordered. Plaintiff's lack of response indicates an intent not to prosecute this case and subjects this case to dismissal. See Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a Plaintiff fails to comply with an order of the court); see also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*).

Accordingly, this case is dismissed without prejudice. The Clerk of Court shall close the file.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

September 13, 2022
Florence, South Carolina

2